J-S44025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TALIQUE Q. MINCEY | : | |
| | : | |
| Appellant | : | No. 2843 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 30, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003938-2009

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 26, 2024**

Appellant Talique Q. Mincey appeals from the judgment of sentence imposed after he was resentenced for one count of first-degree murder[1] pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 577 U.S. 190 (2016).   On appeal, Appellant challenges the discretionary aspects of his sentence.  Following our review, we affirm on the basis of the trial court's opinion.

The relevant facts and procedural history of this matter are well known to the parties.  **See** Trial Ct. Op., 12/16/22, at 1-2.  Briefly, Appellant was seventeen years old when he made arrangements to meet Thomas Fredrick (the victim) to purchase a controlled substance on October 22, 2008.  Upon

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

meeting, Appellant and the victim walked into a nearby alleyway, where Appellant killed the victim by shooting him in the head three times. *See id.* at 1-2.

Appellant fled the scene and was subsequently arrested. Following a jury trial, Appellant was found guilty of first-degree murder, firearms not to be carried without a license, and possessing an instrument of crime (PIC).[2] On July 8, 2011, the trial court sentenced Appellant to life imprisonment without the possibility of parole for first-degree murder, a consecutive sentence of three and one-half to seven years of incarceration for firearms not to be carried without a license, and a concurrent term of two and one-half to five years of incarceration for PIC. *See id.* at 1.

On direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied the Appellant's petition for allowance of appeal. *See Commonwealth v. Mincey*, 1871 EDA 2011 (Pa. Super. filed Jul. 18, 2012) (unpublished mem.), *appeal denied*, 374 EAL 2012, 67 A.3d 795 (Pa. 2012). Appellant subsequently filed a timely Post Conviction Relief Act[3] (PCRA) petition. Ultimately, the PCRA court granted relief with respect to Appellant's illegal sentence for first-degree murder pursuant to *Miller* and

---

[2] 18 Pa.C.S. §§ 2502(a), 6106, and 907, respectively.

[3] 42 Pa.C.S. §§ 9541-9546.

***Montgomery***.[4]  ***See*** Order, 1/20/17.  After Appellant's sentence was vacated and remanded for resentencing,[5] the trial court re-sentenced Appellant to a term of thirty years to life imprisonment for first-degree murder.  ***See*** Sentencing Order, 9/30/22.  Appellant filed a post-sentence motion, which the trial court denied, and Appellant filed a timely appeal.  Both the trial court and Appellant complied with Pa.R.A.P. 1925(b).

On appeal, Appellant raises the following issue:

> Whether the [trial court] erred in denying [Appellant's] motion for reconsideration of sentence in failing to considered [sic] [Appellant's] mental health as a mitigating factor and address his rehabilitative needs by directing that he receive mental health treatment for his diagnosed bi-polar disorder.

Appellant's Brief at 2-3.

Specifically, Appellant argues that the trial court

> failed to provide the Department of Corrections (DOC) notice of [Appellant's] bi-polar disorder so that it could address [Appellant's] rehabilitative needs by providing him the tools he needs to make better choices when dealing with the lifelong challenge of mental health, as that is in the best interest not only of [Appellant], but also other inmates and DOC staff as well as the public should he be released.

---

[4] We note that ***Miller*** prohibited mandatory life sentences for juvenile homicide offenders, and ***Montgomery*** held that ***Miller*** applied retroactively to cases on collateral appeal.  ***Commonwealth v. Felder***, 269 A.3d 1232, 1234 (Pa. 2022).  Accordingly, "[i]n the wake of these decisions, hundreds of defendants who committed murder as a juvenile and were imprisoned under Pennsylvania's former mandatory-life-without-parole sentencing scheme had to be resentenced." ***Id.***

[5] ***See*** Order, 5/31/22.

- 3 -

Appellant's Brief at 21.

After careful consideration of the record, the parties' arguments, and the trial court's conclusions, we affirm on the basis of the trial court opinion. *See* Trial Ct. Op. at 1-7. Specifically, we agree with the trial court that Appellant did not preserve the instant challenge to the discretionary aspects of sentence in his post-sentence motion. *See id.* at 3-7. In any event, even if Appellant properly preserved this claim for review, the trial court did not abuse its discretion by resentencing Appellant. *See id.* Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA    :   CP-51-CR-0003938-2009

         :

     v.                        :

         :

TALIQUE MINCEY             :

         :

**FILED**

**DEC 16 2022**

**Appeals/Post Trial**
**Office of Judicial Records**

**ORDER AND OPINION**

**McDermott, J.**                                         **December 16, 2022**

**Procedural History**

On December 12, 2008, the Defendant, Talique Mincey, then seventeen years and ten months old, was arrested and charged with Murder and related offenses. On May 24, 2011, a jury convicted the Defendant of First-Degree Murder, Firearms not to be Carried without a License ("VUFA 6106"), and Possession of an Instrument of Crime ("PIC"). On July 8, 2011, the Honorable Steven Geroff imposed the then-mandatory sentence of life imprisonment without the possibility of parole for First-Degree Murder with a consecutive sentence of three and a half to seven years of incarceration for VUFA 6106, and a concurrent sentence of two and a half to five years of incarceration for PIC.

The Defendant appealed and the Superior Court affirmed his judgment of sentence on July 18, 2012. The Pennsylvania Supreme Court denied the Defendant's Petition for Allowance of Appeal on May 29, 2013.

On December 2, 2013, the Defendant filed a *pro se* Post-Conviction Relief Act ("PCRA") petition, his first. On July 9, 2016, court-appointed counsel filed an Amended PCRA Petition, challenging guilt phase claims and the legality of his life sentence without parole,

pursuant to *Miller v. Alabama* and *Montgomery v. Louisiana*.[1] On January 20, 2017, after issuing a Notice of Intent to Dismiss under Pa.R.Crim.P. 907, Judge Geroff granted the petition under *Miller* and dismissed the remaining claims. On February 11, 2017, the Defendant filed a Notice of Appeal and the Superior Court affirmed Judge Geroff's dismissal of the Defendant's guilt phase claims on February 22, 2019.

According to the First Judicial District's policy, this case was assigned to the Honorable Lillian Ransom to determine whether the Defendant's guilt phase claims were resolved, and that the case was ready for re-sentencing. On April 7, 2021, this case was assigned to this Court for re-sentencing.[2] On May 6, 2022, this Court bifurcated the sentencing hearing for further investigation into mitigation evidence. On September 30, 2022, this Court sentenced the Defendant to thirty years to life imprisonment for First-Degree Murder.[3]

On October 10, 2022, the Defendant filed a Post-Sentence Motion, which this Court denied on October 14, 2022. On November 13, 2022 the Defendant filed a Notice of Appeal and a 1925(b) Statement of Errors on December 7, 2022.

**Facts**

On October 22, 2008, the Defendant called the decedent, Thomas Fredrick, seeking to buy Percosets. At approximately 12:56 p.m., the Defendant and the decedent met at Fernandez Food Market at 2056 Bridge Street in Philadelphia and entered a nearby alleyway. The Defendant then shot the decedent three times in the head before he fled the scene. N.T. 5/19/11 at 44-47, 70-71, 89-92, 104-114.

---

[1] *Miller v. Alabama*, 567 U.S. 460 (2012); *Montgomery v. Louisiana*, 577 U.S. 190 (2016).
[2] Sentencing was delayed because the Defendant requested to appear in-person for re-sentencing rather than appear via Advanced Communication Technologies. The Pennsylvania Department of Corrections ("DOC") suspended transportation from State Correctional facilities under Act of Sep. 25, 2008, P.L. 1050, No. 82, due to the Covid-19 pandemic.
[3] This Court imposed no further penalty on the remaining charges.

## Discussion

The Defendant claims that this Court failed to consider the Defendant's mental health and rehabilitative needs at sentencing. A defendant challenging the discretionary aspects of his sentence must establish, *inter alia,* that there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Serrano,* 150 A.3d 470, 473 (Pa. Super. 2016) (*quoting Commonwealth v. Swope,* 123 A.3d 333, 337 (Pa. Super. 2015) (citations omitted)). A substantial question exists when an appellant raises "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Gonzalez,* 109 A.3d 711, 731 (Pa. Super. 2015).

It is well-settled that sentencing is a matter vested in the sound discretion of the trial court, and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Antidormi,* 84 A.3d 736, 760 (Pa. Super. 2014) (*citing Commonwealth v. Robinson,* 931 A.2d 15, 26 (Pa. Super. 2007)). An abuse of discretion is not merely an error in judgment; a defendant must establish that the sentencing court misapplied the law or exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Anderson,* 830 A.2d 1013, 1018 (Pa. Super. 2003).

In imposing a sentence, a court shall follow the general principle that the sentence imposed calls for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). When sentencing a juvenile facing a potential life without parole sentence, the sentencing court must consider a juvenile's youth and attendant characteristics such as the juvenile's age at the time of the offense, his diminished

culpability and capacity for change, the circumstances of the crime, the extent of the defendant's participation in the crime, his family, home, and neighborhood environment, his maturity and development, past exposure to violence, drug and alcohol history, ability to deal with the police, his mental health history, his potential for rehabilitation, and the extent that familial or peer pressure may have affected him. *Commonwealth v. Felder*, 269 A.3d 1232, 1246 (Pa. 2022); *Commonwealth v. Batts* I, 66 A.3d 286, 297 (Pa. 2013).

In his Post-Sentence Motion, the Defendant only requested that this Court re-sentence him to twenty-five years to life imprisonment, a sentence allegedly consistent with other juvenile lifers. The Defendant did not allege that this Court failed to consider his mental health and rehabilitative needs, so the Defendant's claims are waived because he failed to preserve them in his Post-Sentence Motion. *Commonwealth v. Sorokaput*, 241 A.3d 421 (Pa. Super. Ct. 2020), re-argument denied (Dec. 17, 2020), appeal denied, 252 A.3d 1077 (Pa. 2021), and cert. denied sub nom. *Sorokaput v. Pennsylvania*, 142 S. Ct. 172 (2021). Furthermore, the Defendant failed to raise a substantial question with his blanket claim that this Court failed to consider the Defendant's mental health and rehabilitative needs. *Commonwealth v. Johnson*, 2038 EDA 2021, at *3 (Pa. Super. Sept. 8, 2022) (unreported memorandum).

Even if the claims were not waived, the claims would still fail because this Court resentenced the Defendant to thirty years to life imprisonment, only after considering the seriousness of the offense, his prison record, the protection of the public, the impact of the crime on the victim's family and community, the Defendant's rehabilitative needs, and all of the factors outlined in *Miller* and *Batts*.

This Court was aware that if the Defendant's crime occurred today, it would have been obligated to impose a thirty-five years to life sentence for First Degree Murder. 18 Pa.C.S. §

4

1102(a)(1). This Court sentenced the Defendant to thirty years to life imprisonment for First-Degree Murder. The Defendant had a prior record score of one. With an offense gravity score of nine, the standard range guideline sentence for VUFA 6106 is 18-30 +/-12 months of incarceration. With an offense gravity score of four, the standard range guideline sentence for PIC is restorative sanctions to 9 +/-3 months of incarceration. This Court sentenced the Defendant below the mitigated range by imposing no further penalty for VUFA 6106 and PIC.

The Defendant's crime had a devastating impact on the victim's family, whom to this day still found the decedent's loss too painful to allow them to attend the re-sentencing hearing. N.T. 5/6/2022 at 31-32. Far from accepting responsibility for his actions or expressing remorse, the Defendant has maintained his claim of innocence for the last ten years. N.T. 9/30/22 at 11.

Before this crime, in 2004, at the age of thirteen, the Defendant was adjudicated delinquent for Manufacture, Delivery, or Possession with Intent to Distribute a Controlled Substance.[4] The next year, the Defendant was adjudicated delinquent for Possession of a Weapon on School Property. In 2007, the Defendant was adjudicated delinquent for Simple Assault.

The Defendant has continued to demonstrate his lack of growth, control, and decision making while incarcerated. Between July 2011 and September 2022, the Defendant committed forty-four misconducts including, two Assault charges, thirteen Indecent Exposure charges, five Sexual Harassment charges, three Threatening Another Person charges, and one Possession or Use of a Controlled Substance charge. The Defendant was transferred to five different institutions over his ten-year period of incarceration. The Defendant intentionally and repeatedly exposed himself and masturbated in front of prison guards. N.T. 9/30/22 at 17-18. As recently as

---

[4] This offense was not included in the Defendant's prior record score because it was committed before his fourteenth birthday.

5

April 30, 2022, the week before he was to be resentenced by this Court, the Defendant committed yet another misconduct involving Indecent Exposure, Sexual Harassment, and Threaten and Employee or their Family. Due to his misconducts, the DOC labeled the Defendant as high risk and required him to be housed in a single cell after he assaulted his cellmate and threatened to kill any future cellmates in 2014.

Contrary to the Defendant's assertion that this Court failed to consider his mental health and rehabilitative needs, this Court balanced the guidelines, the seriousness of the Defendant's offense, the impact on the victim's family, the protection of the public, and his prison record with the Defendant's mitigation evidence. This Court reviewed the Defendant's detailed Juvenile Lifer Packet and a Forensic Psychological Evaluation by defense expert, Dr. Steven Samuel, which indicated that the Defendant was diagnosed with bipolar disorder, Attention Deficit Disorder, and different substance abuse disorders (marijuana, opiates, and alcohol) and was physically and sexually abused as a child. While this Court did not specifically order mental health treatment as a part of the Defendant's sentence, nothing about his sentence prevents him from seeking out mental health treatment at his institution.

While the Defendant completed a Sex Offender Program Evaluation and may have completed an air conditioning installation educational program, he failed to complete a Violence Prevention Moderate Intensity program or any other programs. Due to his misconducts, the Defendant has no significant work history in the prison.

The Defendant committed a violent and senseless crime when he shot the decedent three times in the head. While incarcerated, the Defendant has continued to demonstrate an inability to conform his behavior to the expectations of a law-abiding society with his numerous sexual and

6

violent misconducts as recently as this year. This Court imposed a well-reasoned and just sentence, and the Defendant's claim fails.

For the foregoing reasons, the Defendant's judgment of sentence should be affirmed.

BY THE COURT

_Barbara McDermott_

Barbara A. McDermott, J.

Commonwealth v. Talique Mincey, CP-51-CR-0003938-2009

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Attn: Paul George

**Type of Service:**        **Interoffice Mail**

Dennis Turner, Esq.
1515 Market Street, 12th Floor
Philadelphia, Pa 19102

**Type of Service:**        **Regular Mail**

**Dated: December 16, 2022**

**Anna Ryan**
**Law Clerk to the**
**Honorable Barbara A. McDermott**